**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHAD COMBS, # K-03394, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-181-GPM |
| | ) | |
| STATE of ILLINOIS DEPARTMENT of | ) | |
| CORRECTIONS, S.A. GODINEZ, | ) | |
| DONALD GAETZ, JOHN DOES #1-4, | ) | |
| NURSE BEEK, and DR. VIPIN SHAH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Chad Combs, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving sentences on four drug convictions. Plaintiff claims that while he was held in disciplinary segregation, he was denied access to any recreation outside his cell, and developed health problems as a result. He claims that he was denied medical care for those ailments. Further, he asserts a denial of his due process rights in the handling of his grievances over the lack of exercise, and over the disciplinary action that resulted in being held in segregation. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

**The Complaint**

In his Complaint (Doc. 1) and the attached exhibits (Doc. 1-1), Plaintiff alleges the following facts. Plaintiff was held in segregation from January 18 through July 18, 2012. He began his segregation at Graham Correctional Center ("Graham"), and it continued when he was

transferred to Pinckneyville in February 2012.   Inmates in segregation at Pinckneyville are supposed to be allowed recreation time for five hours weekly in an outside cage.   In his Complaint, Plaintiff claims that he requested John Doe Defendants #1-3 (John Doe #1 is described as a Lieutenant, and John Does #2-3 are described as Segregation Officers) to allow him this exercise time, but they refused to grant it for the entire time he spent in segregation. Plaintiff also claims that he filed grievances over the denial of recreation time, but the grievances were mishandled and the merits were never addressed.

Plaintiff also alleges that due to the six months without out-of-cell exercise, he developed seizures, allergies, back pain, headaches, muscle cramps and spasms, depression, anxiety, and worsening of his asthma.  He claims that Defendants Beek, Shah, and John Doe #4 (a nurse) refused to treat him for these problems.  After a delay of at least two months, Plaintiff was given Tylenol and allergy pills, which he had received regularly before his transfer to Pinckneyville.

Additionally, Plaintiff claims that he fell off the top bunk on March 20, 2012 during a seizure.  Defendant Nurse Beek purportedly advised him to sleep on the floor, and scheduled him to see Defendant Dr. Shah.  However, Plaintiff claims that Dr. Shah refused to give him a low bunk permit (which Plaintiff had been given at his previous institution), and refused any other testing or treatment for Plaintiff's seizures and other complaints.  He further alleges that he was "put in Observation as retaliation for filing a grievance" over the lack of adequate medical care.

Plaintiff also filed a grievance over the imposition of the six month term of punitive segregation.  He had pled guilty to several violations of prison rules, and was given two three-month terms of segregation, to be served consecutively.  He complained that this punishment should have run concurrently instead of consecutively, for a total of three months in segregation. Plaintiff's grievance ultimately succeeded, but by the time this happened, he had already served

nearly the entire six months in segregation.

## Discussion

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Rule 8 of the Federal Rules of Civil Procedure dictates that a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Appert v. Morgan Stanley Dean Witter, Inc*., 673 F.3d 609, 622 (7th Cir. 2012). Although the Court is obligated to accept factual allegations as true, some factual allegations may be "so sketchy or implausible" that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks*, 578 F.3d at 581. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action that shall receive further consideration:

> **Count 1:  against John Doe Defendants #1-3, for unconstitutional conditions of confinement as a result of their denial of adequate exercise;**
>
> **Count 2:  against Defendants Beek, Shah, and John Doe #4 for deliberate indifference to serious medical needs.**

However, Plaintiff's allegations against Defendants Godinez, Gaetz, John Doe #1, and

John Doe #2 for not giving him a proper hearing after he filed grievances over the lack of exercise (**Count 3**), and for denying him procedural due process regarding his segregation punishment (**Count 4**) fail to state a claim upon which relief may be granted, and shall be dismissed.  Likewise, if it was Plaintiff's intent to state a claim for retaliation for his placement in "Observation" (**Count 5**), the complaint does not establish a viable claim.

As to Count 3, Plaintiff's due process claim fails to state a constitutional violation. Plaintiff claimed his due process rights were violated when his initial grievance over the denial of recreation time was never answered, and his later grievance was rejected as untimely (Doc. 1, pp. 6-7; Doc. 1-1, pp. 2-4).  However, prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se.  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, no constitutional violation arises from Plaintiff's allegations, and Count 3 shall be dismissed with prejudice.

Similarly, Plaintiff's due process claim in Count 4 over the untimely handling of his grievance for being placed in segregation for six months fails to state a constitutional violation. The exhibits reveal that Plaintiff was charged with the disciplinary violations on January 26, 2012, while he was in Graham Correctional Center ("Graham") (Doc. 1-1, pp. 6, 16, 18).  Part of his punishment was the disciplinary transfer to Pinckneyville, in February 2012, to serve his remaining segregation time (Doc. 1-1, pp. 6, 16, 18).  The disciplinary hearing and finding of guilt took place in Graham, and the punishment was imposed by Graham officials, none of

whom are named as Defendants herein (Doc. 1-1, pp. 6, 16, 18).  Plaintiff filed his grievance over the consecutive segregation terms while he was still in Graham (Doc. 1-1, pp. 7–8, 14). Plaintiff appealed the denial of this grievance, and the Administrative Review Board issued its decision finding in favor of Plaintiff on June 27, 2012 (Doc. 1-1, p. 6).  Defendant Godinez approved that disposition, which ordered the disciplinary segregation terms to be run concurrently, and restored one month of good conduct credit to Plaintiff (Doc. 1-1, p. 6).

These facts indicate that Plaintiff received due process on his challenge to the disciplinary action, though not swiftly enough to effectuate his timely release from segregation. There is no indication that Defendant Godinez failed to follow the grievance procedure, but even if he did, the improper handling of grievances does not give rise to a constitutional claim, as noted above.  Further, the Court cannot discern what possible role Defendant Gaetz or the John Doe Defendants could have had in the handling of a grievance that was filed over a disciplinary decision made by officials in a different prison.  Count 4 shall also be dismissed with prejudice.

As to Count 5, it is not clear whether Plaintiff intended to bring a claim for retaliation for his placement "in Observation" after he filed a grievance (Doc. 1, p. 6).  If he did so intend, his allegations fail to state a cognizable claim because he has failed to indicate which of the Defendants took the alleged retaliatory action against him.  *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Therefore, Count 5 shall be dismissed without prejudice.  If Plaintiff wishes to pursue this claim, he must submit an amended complaint within 35 days of the entry of this order, identifying the responsible Defendant(s) and presenting factual allegations to sustain this retaliation claim.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the dismissal of Count 5 shall become a dismissal with prejudice. The amended complaint shall be subject to review pursuant to § 1915A.

Finally, Plaintiff cannot maintain his suit against Defendant State of Illinois Department of Corrections, because it is a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).  Accordingly, Defendant State of Illinois Department of Corrections shall be dismissed from the action with prejudice.

## Pending Motions

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

The motion for service at government expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.**  Service shall be ordered below for those Defendants who remain in the action.  No service shall be made on the dismissed Defendants.  Service cannot be ordered on the John Doe Defendants #1-4 until Plaintiff identifies them by name in an amended complaint.

## Disposition

**COUNTS 3 and 4** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendants **STATE of ILLINOIS DEPARTMENT of CORRECTIONS, GODINEZ,** and **GAETZ** are **DISMISSED** from this action with prejudice.

**COUNT 5** is **DISMISSED** without prejudice.  Should Plaintiff wish to proceed on the retaliation claim in **COUNT 5**, he shall file his First Amended Complaint, stating any facts

which may exist to support a retaliation claim and naming the individual Defendant(s) directly responsible for the alleged actions in Count 5, within 35 days of the entry of this order (on or before May 9, 2012).   In addition, the amended complaint must include the allegations designated above as Counts 1 and 2, which shall receive further consideration.  However, it shall not include any of the claims dismissed in Counts 3 and 4 above.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of Count 5 becoming a dismissal with prejudice.   In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

The Clerk of Court shall prepare for Defendants **BEEK** and **SHAH**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe #1-4) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  April 4, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge