IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAD COMBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-181-GPM-DGW |
| ) | |
| NURSE PEEK, DR VIPIN SHAH, JANE DOE ) | |
| and JOHN DOES 1-3, ) | |
| ) | |
| Defendant. | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Appoint Counsel (Doc. 47) filed by Plaintiff, Chad Combs, on July 25, 2013; the Motion for Leave to File a Second Amended Complaint (Doc. 49) filed by Plaintiff on July 25, 2013; and the Motion for Status (Doc. 53) filed by Plaintiff on September 23, 2013. The Motion to Appoint Counsel is **DENIED**; the Motion for Leave to File a Second Amended Complaint is **GRANTED**; the Motion for Status is **DENIED** as **MOOT**.

**Motion to Appoint Counsel**

This Court has twice issued orders denying Plaintiff's request for counsel (Docs. 10, 32). In its previous orders, this Court found that Plaintiff has made reasonable, albeit unsuccessful, attempts to secure counsel. This Court further found that Plaintiff is competent to advance this uncomplicated matter without the assistance of counsel. The Complaint in this matter appears to be written and attested to by Plaintiff himself. He is capable of reading, writing and understanding the English language, and he has indicated that he has attended some college.

Plaintiff has offered no substantial reason why this Court should reconsider its previous rulings.

**Motion for Leave to File Second Amended Complaint**

Federal Rule of Civil Procedure 15(a) instructs district courts to freely grant parties leave to amend when justice so requires. "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, of if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 747 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-849 (7th Cir. 2002)). If an amended claim would not survive a motion to dismiss, the amendment is futile. *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must provide only "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegation, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citations omitted). In making this assessment, the court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009).

Plaintiff's original and first amended complaints list John Doe as "Defendant # 4." In his proposed Second Amended Complaint, Plaintiff identifies Defendant 4 as Tammy Harmon. Although Plaintiff's Second Amended Complaint does not comport with Local Rule 15.1 in that the new material is not underlined, his Motion is **GRANTED** in the interest of justice and to avoid delay. Plaintiff **SHALL** file his Second Amended Complaint by October 28, 2013.

**Motion for Status**

Plaintiff filed a Motion for Status requesting an update on his Motion to Appoint Counsel and his Motion for Leave to File a Second Amended Complaint. Pursuant to this Order, the Motion for Status is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

**DATED:**   September 27, 2013

**DONALD G. WILKERSON**
**United States Magistrate Judge**