IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAD COMBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-181-NJR-DGW |
| ) | |
| NURSE PEEK, DR. VIPIN SHAH, OFFICER ) | |
| FLOWERS, TAMMY HARMON, JOHN DOE ) | |
| #1, and JOHN DOE #3, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Leave to File a Third Amended Complaint filed by Plaintiff, Chad Combs, on April 14, 2014 (Doc. 94) and, the Motion for Leave to File a Fourth Amended Complaint filed by Plaintiff on May 8, 2014 (Doc. 99).

For the reasons set forth below, the Motion for Leave to File a Third Amended Complaint (Doc. 94) is **MOOT**, and the Motion for Leave to File a Fourth Amended Complaint (Doc. 99) is **DENIED**.

### BACKGROUND

Plaintiff, Chad Combs, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Following an initial screening pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following counts:

> Count 1: against John Doe Defendants #1-3, for unconstitutional conditions of confinement as a result of their denial of adequate exercise;
>
> Count 2: against Defendants Beek, Shah, and John Doe #4 for deliberate indifference to serious medical needs.

Following the Court's initial screening, Plaintiff has filed two amended complaints with leave of Court. In Plaintiff's Second Amended Complaint (Doc. 58), which is currently the operative complaint, he identified John Doe #2 as Officer Flowers, John Doe #4 as Tammy Harmon, and added an additional claim of retaliation against Defendant Shah.

On April 14, 2014, Plaintiff filed a Third Motion to Amend (Doc. 94), seeking to dismiss Defendant Flowers, and add thirty-six new defendants to his first count alleging unconstitutional conditions of confinement. Subsequently, on May 1, 2014, Plaintiff filed a Motion for Leave to file a Fourth Amended Complaint (Doc. 99). Again, Plaintiff seeks to dismiss Defendant Flowers and add thirty-two new defendants to his first count alleging unconstitutional conditions of confinement, identifying the individual defendants, as well as the dates on which Plaintiff alleges they denied him recreation time. (Doc. 99).

Defendant Flowers filed a Response (Doc. 101) to Plaintiff's Motion for Leave to File a Fourth Amended Complaint, stating that he has no objection to being dismissed from this suit, and arguing that Plaintiff's proposed amended complaint fails to comply with the requirements of Federal Rule of Civil Procedure 8, as the allegations are insufficient to give rise to a constitutional violation. As Plaintiff's proposed fourth amended complaint supersedes his proposed third amendment complaint, the Court reviews only the allegations and claims contained in the proposed fourth amendment complaint.

## DISCUSSION

Although Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading, and that a leave to amend should be freely given when justice so requires "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed

Page **2** of **5**

in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002)). A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007).

In his proposed amended complaint, Plaintiff seeks to add a number of defendants, alleging that they subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment for denying him recreation time. The Seventh Circuit Court of Appeals has recognized that a lack of exercise can rise to a constitutional violation when the deprivation is significant and serious. *See Delaney v. DeTella*, 256 F.3d 679 (7th Cir. 2001); *French v. Owens*, 777 F.2d 1250 (7th Cir. 1986). Plaintiff alleges that between January 18, 2012 and July 18, 2012, while he was in segregation, Correctional Officers Rutherford, Jausel, Hicks, Wangler, Jones, Allen, Harris, Pearce, Tracy, Ruebke, Bassett, Falmier, Sullivan, Wise, Baker, Runge, Harbison, Fenton, Hawk, Schlott, Ramaker, Obertini, Ramsey, Shirley, Stanton, Hines, Meyers, Hill, Bryan, Crawford, Selby, Ramsey, Pittman, and Peck deprived him of recreation time because he was "not on the list."

In order to prevail on his Eighth Amendment claim for deprivation of exercise, Plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective component focuses on the nature of

the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); accord *Jamison Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). Plaintiff's proposed amended complaint satisfies the objective component of this test.

However, a plaintiff must also demonstrate the subjective component of an Eighth Amendment claim, and this is where Plaintiff's complaint fails to state a claim for unconstitutional conditions of confinement. The subjective component of an Eighth Amendment claim is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See*, *e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). Plaintiff's complaint falls short of demonstrating that the defendants acted with the requisite knowledge or state of mind to state an Eighth Amendment claim. Plaintiff has merely identified a number of instances in which the defendants denied him recreation time due to Plaintiff's name not being on the list.[1]

---

[1] Plaintiff's proposed complaint identifies forty instances from March 3, 2012 through July 15, 2012, where the Plaintiff asked a small group of defendants why he was being passed up for his weekly recreation time, to which Plaintiff was told "you are not on the list."

Some of the defendants denied Plaintiff recreation time only once, while others allegedly denied him recreation time on a more regular basis. However, no defendant denied Plaintiff his recreation time on every occasion, and, even for the defendants who Plaintiff alleges regularly denied him recreation time, Plaintiff's complaint does not suggest that they were aware that their actions put Plaintiff in any risk of serious harm. The complaint is devoid of any allegations that any defendant was aware Plaintiff was continually being denied his recreation time for a period of six months, or that Plaintiff was suffering from medical conditions as a result. Accordingly, Plaintiff has not shown that relief against these defendants is plausible, and amending his pleading to name these defendants is futile.

Plaintiff also seeks to dismiss Defendant Flowers in this case, asserting that he has discovered that Flowers was not involved in the events giving rise to this lawsuit. Plaintiff may voluntarily dismiss Defendant Flowers by filing a separate motion pursuant to Federal Rule of Civil Procedure 41(a).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 94) is **MOOT**, and his Motion for Leave to File a Fourth Amended Complaint (Doc. 99) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 28, 2014**

                                           **DONALD G. WILKERSON**
                                           **United States Magistrate Judge**