IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAD COMBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV- 181-NJR-DGW |
| | ) |
| DR. VIPIN SHAH and | ) |
| OFFICER FLOWERS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Chad Combs, a former inmate of the Illinois Department of Corrections ("IDOC"), initiated this action on February 21, 2013. Combs alleges that his constitutional rights were violated by Defendants Vipin Shah and Matt Flowers while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Following the screening of his initial complaint, Combs was granted leave to file two amended complaints. This matter proceeded on the following three counts:

> Count One:   Claim for unconstitutional conditions of confinement against Defendants Flowers, John Doe #1, and John Doe #3 for denial of adequate exercise;
>
> Count Two:   Claim for deliberate indifference to serious medical needs against Defendants Shah, Traci Peek, and Tammy Harmon; and
>
> Count Three:  Retaliation claim against Defendant Shah.

(*See* Docs. 7, 25, 27, 54, 58, and 60).

On January 30, 2015, the undersigned issued a Memorandum and Order dismissing

Count Two against Defendants Shah, Peek, and Harmon with prejudice (Doc. 150). Accordingly, the only remaining claims are Counts One and Three.

Now pending before the Court is the Motion for Summary Judgment filed by Defendant Shah (Doc. 140) and the Motion for Summary Judgment filed by Defendant Flowers (Doc. 143). Combs filed a response to Defendant Shah's Motion (Doc. 147). For the reasons set forth below, Defendants' Motions are granted.

## FACTUAL BACKGROUND[1]

In February 2012, Combs was transferred to Pinckneyville from Graham Correctional Center ("Graham") and placed in disciplinary segregation (Doc. 89-1, Plaintiff's November 8, 2013 Deposition, p. 4; Doc. 89-2, Plaintiff's Medical Records, p. 3; Doc. 144-9, Plaintiff's November 21, 2014 Deposition, p. 6). Combs alleges that although inmates housed in segregation are allowed five hours of outside recreation time each weekend, he was denied all weekend recreation time from January 18, 2012, through July 18, 2012[2] (Doc. 58, p. 3). Combs asserts that the lack of yard time caused him to suffer seizures and other health conditions (Doc. 144-9, pp. 4, 6; *see also* Docs. 89-2 and 89-3). In Count One, Combs asserts a claim against Defendant Flowers for unconstitutional conditions of confinement for denial of exercise. Defendant Flowers, however, did not work weekends from January through July 2012 (Doc. 144-2). Further, Combs testified during his November 21, 2014, deposition that he did not have a claim against Defendant Flowers, and he intended to withdraw or terminate

---

[1] Given that only Counts One and Three remain pending in this lawsuit, the Court's discussion of the factual background in this matter is generally limited to only those facts salient to the pending claims.
[2] Based on his medical records and grievance filings, it appears to the Court that Combs was transferred to Pinckneyville in February 2012 (Doc. 89-2, p. 3; Doc. 1-1, p. 7); however, Combs complains that he was denied outside recreation time from January 18, 2012, through July 18, 2012. It is not clear whether Combs is complaining about a denial of recreation time at both Graham and Pinckneyville. But the Court notes that Plaintiff has not named any individual from Graham as a defendant in this action.

Defendant Flowers from this action[3].

Combs contends he suffered a seizure on March 20, 2012, due to his inability to partake in outside recreation (Doc. 89-2, p. 16; Doc. 89-1, p. 8). On March 30, 2012, Defendant Shah physically examined Combs (Doc. 89-5, Affidavit of Vipin Shah, M.D., ¶ 3). Defendant Shah found Combs's vital signs normal, and there was no indication in his medical records that he had a history of seizures (*Id.*). Combs again presented to Defendant Shah on April 27, 2012, for his complaints of seizures and was admitted to the infirmary for observation until April 30, 2012 (Doc. 89-2, pp. 23 and 24).

At some point prior to his placement in observation, Combs filed a grievance complaining about Defendant Shah's treatment of his seizures (Doc. 147, Plaintiff's Affidavit, p. 4). In his affidavit, Defendant Shah explained that he has no recollection of Combs filing a grievance about his treatment for seizures. Defendant Shah avers that he admitted Combs for observation so that he could determine whether Combs was actually having seizures (Doc. 141-1, Second Affidavit of Vipin Shah, M.D., ¶¶ 2, 3).

Combs contends, however, that Defendant Shah placed him in observation in retaliation for his filing grievances. Specifically, Combs avers that on April 27, 2012, Defendant Shah told him that he "would be stopped from filing grievances" and, upon his discharge from the infirmary, Defendant Shah asked him if he "had learned [his] lesson?" (Doc. 147, p. 4). Combs further stated that due to his placement in observation he was not able to have his books, hygiene products, or Bible, and was unable to speak to his wife on the

---

[3] Combs filed a "Motion to Remove Defendant" on December 3, 2014 (Doc. 134) asking the Court to "allow him to remove Defendant Matthew Flowers from the case with the ability to rename others in his place." This Motion was construed by the Court as a motion to amend and was denied on June 3, 2015, due to Combs's failure to provide the Court with a proposed amended pleading (Doc. 157). Combs also requested the removal of Defendant Flowers in his Response to Defendant's Summary Judgment (Doc. 146).

telephone (*Id.*). Combs remarked that he would have been "okay" being placed in observation if he was properly diagnosed and treated, but he was not given any diagnosis or treatment (*Id.*).

Importantly, during his deposition on November 8, 2013, Combs testified that being placed in the infirmary "really didn't matter to [him], because [he] was in seg" at the time, and "they really didn't take anything other than the hygiene products and the toothbrush and stuff like that" away from him during his time in observation (Doc. 89-1, p. 10). Moreover, when asked about his April 27, 2012, appointment with Defendant Shah, Combs testified that "[i]t's not in [his] memory bank," and he did not have any specific recollections of this examination (*Id.* at 9). Combs also testified that on the day he was discharged from the infirmary he only "vaguely remember[ed]" seeing Defendant Shah (*Id.* at 10). Following Combs's stay in the infirmary, Defendant Shah explained that he would not prescribe Combs anti-seizure medication because there was no indication that Combs was having seizures (Doc. 89-5, ¶ 11).

## LEGAL STANDARD

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha*

*County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of a nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted).

## Discussion

### 1. *Defendant Flowers's Motion for Summary Judgment on Count One*

The Seventh Circuit recognizes that a lack of exercise can constitute cruel and unusual punishment under the Eighth Amendment. *See Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). Indeed, the Court has concluded that "exercise is now regarded in many quarters as an indispensable component of preventive medicine." *Anderson v. Romero*, 72 F.3d 518, 528 (7th Cir. 1995). In order to evaluate whether deprivation of exercise constitutes such a constitutional violation, the Court proceeds through a two-step inquiry. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012). First, the Court must determine whether the deprivation complained of was "sufficiently serious." *Id.* at 664-65 (citations omitted). If so, the Court goes on to consider whether prison officials were deliberately indifferent to the adverse conditions. *Id.* at 665 (citations omitted). "An official is deliberately indifferent when he is subjectively aware of the condition or danger complained of, but consciously disregards it." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (other

citations omitted).

The Complaint sets forth a condition of confinement claim against Defendant Flowers for denying him exercise while he was housed in segregation for approximately six months. Such a denial could constitute a "sufficiently serious" deprivation. As noted by the Seventh Circuit, segregation is akin to solitary confinement and such confinement, when "uninterrupted by opportunities for out-of-cell exercise 'could reasonably be described as cruel and, by reference to the current norms of American prisons, unusual.'" *Delaney*, 256 F.3d at 684 (quoting *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001)).

Here, the Court finds that Combs's incarceration in a segregation cell for approximately six months without an opportunity to engage in outside recreation was "significant" and "serious." It is apparent, however, that Defendant Flowers was not deliberately indifferent to this condition. Defendant Flowers was never "on duty" at the time Combs was denied an opportunity for outside recreation. Indeed, Defendant Flowers never worked any Saturday or Sunday between January and July 2012–the sixth month period Combs alleges he was denied recreation time. Thus, it is impossible that Defendant Flowers was aware that Combs was not receiving his requisite recreation time. Further, Combs conceded that he had no basis for his claim against Defendant Flowers. Accordingly, the Court finds that Defendant Flowers is entitled to judgment as a matter of law on the unconstitutional conditions of confinement claim.

2. *Defendant Shah's Motion for Summary Judgment on Count Three*

The Seventh Circuit has articulated that for a plaintiff to prevail on a First Amendment retaliation claim, he must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment

activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)) (other citations omitted).

At the summary judgment stage, the Seventh Circuit has articulated that the burden of proving causation is split between the parties. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). Initially, in order to establish a *prima facie* case, the plaintiff must produce evidence that his speech was at least a motiving factor of the defendant's decision to take retaliatory action. *Id.* Then, the burden shifts to the defendant to rebut the causal inference raised by the plaintiff's evidence. *Id.* If the defendant fails to counter the plaintiff's evidence, then the defendant's retaliatory actions are considered a "necessary condition" of the plaintiff's harm, and the plaintiff has established the "but-for" causation needed to succeed on his claim. *Id.*

In order to make his *prima facie* case for retaliation at summary judgment, Combs's evidence must be sufficient to show that his filing a grievance was at least a motivating factor in Defendant Shah's alleged retaliatory action—placing him in the infirmary for three days for observation. Combs may meet his burden by presenting either direct or circumstantial evidence. *Id.* Direct evidence is evidence which will prove a particular fact without reliance upon inference or presumption, while circumstantial evidence is evidence from which a trier of fact may infer that retaliation occurred, including suspicious timing or ambiguous oral or written statements. *Id.* (quotations and citations omitted).

The Court is underwhelmed by the evidence provided by Combs to support his claim. The totality of evidence related to this claim is Combs's affidavit submitted in support

of his response to Defendant Shah's Motion for Summary Judgment. In this affidavit, Combs avers that he "wrote [Defendant Shah] up previously" (Doc. 147) and, prior to being placed in the infirmary, Defendant Shah remarked that he "would be stopped from filing grievances." Upon being discharged from the infirmary, Combs contends Defendant Shah asked if he "had learned [his] lesson?" Combs infers that the timing of Defendant Shah's statements and his placement in the infirmary support his *prima facie* case that Defendant Shah's actions were motivated by Combs filing grievances.

Even when viewed in the light most favorable to Combs, this evidence does not create an issue of fact. The Seventh Circuit has held that a plaintiff's reliance on suspicious timing to establish a *prima facie* retaliation claim will "rarely be sufficient in and of itself to create a triable issue." *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002) (citations omitted). The adverse action must follow "close on the heels" of the protected expression, and the plaintiff must show that the person who took the adverse action knew of the protected conduct. *Kidwell*, 679 F.3d at 966. It is not at all apparent that Defendant Shah knew of the protected action, as Defendant Shah does not remember if anyone told him about any grievances Combs filed complaining about his treatment for seizures. And Combs has not provided any evidence to support such a finding.

Even if Combs's evidence supports a finding that his speech was at least a motiving factor in Defendant Shah's decision to place him in the infirmary, Defendant Shah has sufficiently rebutted the inference raised by Combs's evidence. More specifically, Defendant Shah attests that his decision to place Combs in the infirmary was based *solely* on his statements that he was having a seizure. Indeed, prior to being placed in the infirmary for observation, Combs complained about suffering from seizures. Defendant Shah admitted

him to the infirmary "so that [he] could determine whether he was actually having seizures" (Doc. 141-1, ¶ 2). Based on these facts, Combs's speculation regarding Defendant Shah's motive cannot overcome the contrary evidence that his actions were not motivated by retaliation. *See Devbrow v. Gallegos*, 735 F.3d 584, 588 (7th Cir. 2013); *see also Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). Accordingly, the Court finds that Defendant Shah is entitled to summary judgment as a matter of law on the retaliation claim.

### 3. *Dismissal of John Does #1 and #3*

On April 4, 2013, the Court completed its threshold review of the Complaint (Doc. 7). The Court advised Combs that service would not be made on the Unknown Defendants "until such time as Plaintiff has identified them by name in a properly filed amended complaint" (*Id.* at 8). Despite providing him ample time, Combs has been unable to file an amended complaint properly naming John Does #1 and #3. Additionally, the Court notes that the applicable two-year statute of limitations for this action has run. As such, Combs's ability to sufficiently amend his complaint and name the John Does is unlikely. For these reasons, the Court concludes that Combs has failed to properly prosecute his case against John Does #1 and #3. Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Combs's claim against these unknown Defendants is dismissed with prejudice. *See Lucien v. Breweur*, 9 F.3d 26, 28 (7th Cir. 1993) (dismissal is a "feeble sanction" if it is without prejudice).

## CONCLUSION

The Motions for Summary Judgment filed by Defendant Shah (Doc. 140) and Defendant Flowers (Doc. 143) are **GRANTED**. Defendants Shah and Flowers are **DISMISSED with prejudice**. Additionally, John Doe #1 and John Doe #3 are **DISMISSED**

**with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

    **IT IS SO ORDERED.**

    **DATED: June 12, 2015**

                                            **s/ Nancy J. Rosenstengel**
                                            **NANCY J. ROSENSTENGEL**
                                            **United States District Judge**